TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRETT A. SAGEL (Cal. Bar No. 243918)
Assistant United States Attorney
    Ronald Reagan Federal Bldg & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone:     (714) 338-3598
    Facsimile:     (714) 338-3708
    E-mail:   brett.sagel@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>OMAR LOPEZ RODRIGUEZ,<br>  aka "Omar Rodriguez,"<br>  aka "Omar Rodriguez Lopez,"<br>  aka "Carlos Rodriguez Lopez,"<br>  aka "Carlos Rodriguez,"<br><br>        Defendant. | Case No. SA CR 21-031-CJC<br><br>GOVERNMENT'S RESPONSE TO MODIFIED PRESENTENCE INVESTIGATION REPORT AND INITIAL SENTENCING POSITION; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing Date: June 7, 2021<br>Hearing Time: 9:00 a.m. |

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Brett A. Sagel, hereby files its response to the modified presentence investigation report and initial position regarding an appropriate sentence.

///

///

The government's response and position are based upon the attached memorandum of points and authorities, the Modified Presentence Investigation Report, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 24, 2021         Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

   /s/
BRETT A. SAGEL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The parties have entered into a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  Pursuant to the plea agreement, defendant OMAR LOPEZ RODRIGUEZ ("defendant") pled guilty to a single-count information charging a violation of 8 U.S.C. § 1326(a), illegal reentry by an alien following deportation or removal.

At his change of plea hearing, defendant admitted that he was previously deported or removed from the United States on or about November 16, 2012, and that he thereafter knowingly and voluntarily reentered and remained in the United States without lawful permission.  Prior to defendant's deportation or removal, on or about August 21, 2008, defendant was convicted of Possess, Use, and Carry a Firearm During, in Relation to, and in Furtherance of the Commission of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1), in the United States District Court for the District of Utah, Case Number DUTX2:08CR000099-004 DAK, for which defendant was sentenced to 60 months of imprisonment, and on or about November 3, 2008, defendant was convicted of Attempted Aggravated Burglary, in violation of Title 76, Chapter 6, Section 203, Utah Code Annotated (1953), in the Third District Court of the State of Utah, County of Salt Lake, Case Number 071907647 FS, for which defendant was sentenced to an indeterminate term of not less than one year nor more than fifteen years of imprisonment.  Subsequent to defendant's deportation or removal, on or about July 31, 2020, defendant was convicted of Carrying a Loaded Firearm in Public with a Prior, in violation of California Penal Code Section 25850(a)/(c)(1) and

Possession of Ammunition by a Prohibited Person, in violation of California Penal Code Section 30305(a)(1), in the Superior Court of the State of California, County of Orange, Case Number 20CF1458, for which defendant was sentenced to 16 months of imprisonment.

## II.   SENTENCING GUIDELINES CALCULATIONS

The United States Probation Office ("USPO") prepared a Modified Presentence Investigation Report ("MPSR") calculating a criminal history category of IV based on seven criminal history points.  (MPSR ¶ 22.)  Defendant objected to the criminal history calculation and argues that defendant should be criminal history category III.  (CR 26.)  The government will agree for sentencing purposes that defendant is a criminal history category III.

Pursuant to the terms of the binding plea agreement filed in this case, the parties have stipulated to a total offense level of 17 based on the following calculation: a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a); a 10-level increase because defendant sustained a felony conviction for which the sentence imposed was five years or more and occurred before defendant's initial removal order under U.S.S.G. § 2L1.2(b)(2)(A); a 6-level increase because defendant sustained a felony conviction for which the sentence imposed was more than one year and one month and occurred after defendant's initial removal order under U.S.S.G. § 2L1.2(b)(3)(C); less 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and less 4 levels for early disposition under U.S.S.G. § 5K3.1.  An early disposition departure is appropriate in defendant's case because it avoids an unwarranted sentencing disparity with other defendants who obtain the benefits of the fast-track departure.

The parties have agreed that an appropriate sentence for defendant is one including a sentence of imprisonment at the low end of the range determined by this total offense level and defendant's criminal history category without any departure based on inadequacy of criminal history under U.S.S.G. § 4A1.3.

**III. GOVERNMENT'S SENTENCING RECOMMENDATION**

Accordingly, based on a total offense level of 17 and a criminal history category of III, the resulting advisory guideline range is 30 to 37 months. The government respectfully recommends, as the parties stipulated in the binding plea agreement, that the Court impose a low-end sentence of 30 months' imprisonment, followed by a one-year period of supervised release subject to certain conditions to which the parties previously agreed, and a special assessment of $100.

The recommended 30-month sentence is reasonable in light of the factors the Court must consider under 18 U.S.C. § 3553(a) because such a sentence is warranted to ensure sufficient deterrence to future criminal conduct. Accordingly, the recommended sentence would serve to promote respect for the immigration and criminal laws, deter defendant and others from illegally re-entering the United States, and protect the public from future crimes by this defendant. Such a sentence is also consistent with sentences received by other Section 1326 offenders in this District who qualify for early disposition, thus avoiding unwarranted sentencing disparities. Accordingly, the government respectfully recommends, as the parties stipulated in the Rule 11(c)(1)(C) plea agreement, that the Court impose a low-end sentence of 8 months' imprisonment.

## IV. IMPOSITION OF SUPERVISED RELEASE

An amendment to the Sentencing Guidelines advises that sentencing courts should not impose periods of supervised release for aliens who are likely to be deported after a period of imprisonment. U.S.S.G. § 5D1.1(c) (effective Nov. 1, 2011). In this case, defendant will likely be deported following his term of imprisonment. However, for the following reasons, the government urges the Court to impose a one-year term of supervised release, as the parties stipulated in the binding plea agreement.

District courts have wide latitude in imposing conditions of supervised release. *United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010); *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006). A sentencing court even has broad discretion to impose conditions of supervised release in addition to those mandated by statute. 18 U.S.C. § 3583(d) (district court may impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate").[1] The Sentencing Guidelines, tracking the language of 18 U.S.C. § 3553(a) concerning imposition of sentence, recognize this broad discretion:

> The [district] court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

---

[1] Indeed, 18 U.S.C. § 3583(d) contemplates that supervision may be imposed for "an alien defendant [who] is subject to deportation." 18 U.S.C. § 3583(d).

4

>effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

In this case, the Court should order a one-year term of supervised release because defendant poses a danger to the community; in addition to the current offense, his criminal history includes: possessing, using, carrying a firearm during a crime of violence; attempted aggravated burglary; and carrying a loaded firearm in public with a prior, and, thus, betrays a disregard for the criminal and immigration laws of the United States.  Also, a one-year term of supervised release is specified in the binding plea agreement, and the parties' bargain should be honored.  Moreover, the imposition of supervised release would provide an additional incentive for defendant to refrain from unlawfully returning to the United States.  If defendant were unlawfully to re-enter, the terms of defendant's supervised release could be deemed violated, regardless of whether the government sought another Section 1326 prosecution.  In the unlikely event that defendant were allowed lawfully to return to the United States, the USPO could more effectively monitor defendant, and hopefully guide him away from any future criminal activity.  The imposition of supervised release would also afford superior deterrence to criminal conduct and would more effectively protect the public from any future crimes of defendant.  There would be no greater deprivation of liberty than necessary, and no undue expense of USPO resources, because there would be no reporting requirement for defendant unless he actually returned to the United States.

Because the Sentencing Guidelines are advisory only, and in light of the broad discretion afforded the Court in this area, the government recommends that the Court find, notwithstanding Section 5D1.1(c)'s language, that supervised release is appropriate in this case. *See United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011) (Sentencing Guidelines for supervised release are advisory only); *Blinkinsop*, 606 F.3d at 1118; *Weber*, 451 F.3d at 557. Accordingly, in addition to a 30-month term of imprisonment, this Court should impose a one-year term of supervised release.

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to a term of 30 months' imprisonment, followed by a one-year period of supervised release, and order defendant to pay a special assessment of $100.